UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GERARDO PRIETO,

    Plaintiff,

v.                            Case No: 2:16-cv-139-FtM-99CM

SCHEELER'S CAFE DE MARCO, INC., and SANDY FRANCHINO, individually,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Dismiss Counterclaim (Doc. #13) filed on June 20, 2016. Defendants/Counter-Plaintiffs filed a response (Doc. #14) on June 28, 2016, to which Plaintiff/Counter-Defendant filed a reply. (Doc. #18.) For the reasons set forth below, the motion is granted.

**I.**

Gerardo Prieto (Prieto), a salaried cook, filed a one-count Complaint against his former employer, Scheeler's Cafe de Marco, Inc. (Scheeler's) and Sandy Franchino (collectively "defendants"), claiming that he was denied overtime pay in violation of the Fair Labor Standards Act (FLSA). (Doc. #1.) Defendants filed an Answer and Scheeler's asserted a counterclaim for breach of oral

contract.  (Doc. #12.)  The counterclaim alleges that Prieto failed to repay certain loans to Scheeler's.  (Id. at pp. 5-6.)

## II.

Scheeler's counterclaim arises under state law, and the Court has no independent federal jurisdiction to hear the claim.  However, the Court can exercise supplemental jurisdiction over compulsory counterclaims that are "related to claims in the action within such original jurisdiction that they form part of the same case or controversy ...."  28 U.S.C. § 1367(a); see also Fed. R. Civ. P. 13(a).  Permissive counterclaims under Federal Rule of Civil Procedure 13(b) require an independent basis for federal jurisdiction.  East-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Planning & Zoning Comm'n, 888 F.2d 1576, 1578 (11th Cir. 1989).

The Court agrees with plaintiff that the counterclaim is permissive as it is wholly unrelated to the allegations of the Complaint.  There is no relationship between the claim that defendants failed to pay plaintiff's overtime wages, and the claim that plaintiff failed to repay a loan from Scheeler's.  Most of the facts relating to the prosecution and defense of plaintiff's claim are distinct from the facts needed to litigate the counterclaim.  Therefore, the Court finds that the counterclaim is unrelated to the FLSA claim, and thus is permissive rather than compulsory.  Because defendants have presented no independent

basis for federal subject-matter jurisdiction, the permissive counterclaim is dismissed. See East-Bibb, 888 F.2d at 1578-79.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Plaintiff's Motion to Dismiss Counterclaim (Doc. #13) is **GRANTED** and defendant Scheeler Cafe de Marco, Inc.'s counterclaim is dismissed without prejudice for lack of subject matter jurisdiction.

2.   The Clerk shall enter judgment accordingly and terminate the counter-claimants and counter-defendant on the docket, but the case remains open as to plaintiff's claims against defendants.

**DONE and ORDERED** at Fort Myers, Florida, this ___3rd___ day of November, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record